**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EARNEE WINDELL SMITH | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No. 07-0015(JDB) |
| | ) |
| ENVIRONMENT AND | ) |
| NATURAL RESOURCES DIVISION, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |

<u>**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**</u>

Defendant, pursuant to Rule 56 of the Federal Rules of Civil Procedure, moves the Court for summary judgment because there are no issues of material fact and defendant is entitled to judgment as a matter of law.

In support of this motion, the defendant submits the attached Memorandum of Points and Authorities, Statement of Material Facts as to Which There Is No Genuine Issue and the Declaration of Georgina Anton with attached exhibits.

<u>Pro</u> <u>se</u> plaintiff will please take note that the assertions contained in the accompanying declarations and other attachments in support of defendant's motion will be accepted by the Court as true unless plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in defendant's declaration and attachments.  Plaintiff is referred to Local Rule 7(h), Local Rule 56.1 and Federal Rule 56(e), which provide as follows:

Supporting and opposing affidavits shall be made on
personal knowledge, shall set forth such facts as would
be admissible in evidence, and shall show affirmatively
that the affiant is competent to testify to the matters
stated therein.  Sworn or certified copies of all
papers or parts thereof referred to in an affidavit
shall be attached thereto or served therewith.  The
court may permit affidavits to be supplemented or
opposed by depositions, answers to interrogatories, or
further affidavits.  When a motion for summary judgment
is made and supported as provided in this rule, an
adverse party may not rest upon the mere allegations or
denials of the adverse party's pleading, but the
adverse party's response, by affidavits or as otherwise
provided in this rule, must set forth specific facts
showing that there is a genuine issue for trial.  If
the adverse party does not so respond, summary
judgment, if appropriate, shall be entered against the
adverse party.

See also Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992)

(same).

<div style="margin-left: 40%;">

Respectfully submitted,

__/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


__/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


__/s/_____
DIANE M. SULLIVAN, D. C. BAR # 12765
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Room E4919
Washington, D.C. 20530
(202) 514-7205

</div>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

EARNEE WINDELL SMITH          )
                              )
              Plaintiff,      )
                              )
         v.                   )          Civil Action No. 07-0015(JDB)
                              )
ENVIRONMENT AND               )
NATURAL RESOURCES DIVISION,   )
                              )
              Defendant.      )
                              )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

The Environment and Natural Resources Division (ENRD) of the Department of Justice (DOJ) has submitted a declaration by Georgina Anton, a Paralegal Legal Specialist with the Law and Policy Section of ENRD, in support of this motion addressing the search for records responsive to plaintiff's Freedom of Information Act (FOIA) request (See Declaration of Georgina Anton).

**FACTUAL BACKGROUND**

The factual background concerning plaintiff's FOIA request is set out in detail in the Statement of Material Facts as to Which There Is No Genuine Issue, which is incorporated herein by reference.

By letter dated May 24, 2005, plaintiff submitted a FOIA request to the ENRD, Department of Justice for records concerning

federal jurisdiction over two addresses in Fontana and Rialto, California (Anton Declaration, ¶¶ 3, 4). The Law and Policy Section of ENRD maintains the files concerning legislative jurisdiction determinations which involve the ceding of land between the states and the federal government. These records are maintained at the Main Justice Building, 950 Pennsylvania Avenue, N.W., Washington, D.C. They are contained in approximately three file cabinet drawers (Anton Decl., ¶ 6). There is no electronic database for such documents. Id.

In response to plaintiff's request, ENRD conducted a search of ENRD's federal jurisdiction files (Anton Decl., ¶ 7). ENRD found no records or documents responsive to plaintiff's FOIA requests.(Id., ¶ 7). On August 11, 2005, defendant advised plaintiff that ENRD had conducted a search and found no responsive documents (Id., ¶¶ 8-9). On August 16, 2005, plaintiff submitted a Notice of Appeal directly to ENRD which forwarded the appeal to the Office of Information and Privacy (OIP) (Id., ¶¶ 10, 11). On June 27, 2006, OIP informed plaintiff that ENRD's response to his FOIA request was correct (Id., ¶ 12).

After suit was filed, another search was conducted by Georgina Anton, Paralegal Specialist with ENRD (Id., ¶ 13). A thorough search of the file cabinet containing legislative jurisdiction determinations was conducted, but no responsive documents were located (Id., ¶ 13). The declaration of Ms.

2

Georgina Anton clearly demonstrates that there were no records located responsive to plaintiff's request.

The only issue presented is the adequacy of the search conducted by the ENRD for records maintained by the Law and Policy Section of ENRD.  The undisputed facts demonstrate that the search was adequate.

<div align="center">**ARGUMENT**</div>

**I.    The Search Was Adequate**.

The adequacy of an agency's search under the FOIA is "measured by a `standard of reasonableness,'" <u>Weisberg v. United States Dep't of Justice</u>, 705 F.2d 1344, 1352 (D.C. Cir. 1983) (quoting <u>McGehee v. CIA</u>, 697 F.2d 1095, 1100 (D.C. Cir. 1983)), which varies according to the circumstances unique to each case. <u>Id</u>. (quoting <u>Founding Church of Scientology v. Nat'l Sec. Agency</u>, 610 F.2d 824, 834 (D.C. Cir. 1979)).  The reasonableness inquiry does not examine "the fruits of the search," but instead focuses upon "the appropriateness of the methods used to carry out the search." <u>Iturralde v. Comptroller of the Currency</u>, 315 F.3d 311, 315 (D.C. Cir. 2003).  Thus, the fundamental question is not "whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." <u>Steinberg v. United States Dep't of Justice</u>, 23 F.3d 548, 551 (D.C. Cir. 1994) (emphasis in original).

<div align="center">3</div>

At the summary judgment stage, the agency is entitled to prevail if it shows "beyond material doubt that it has conducted a search reasonably calculated to uncover all relevant documents." <u>Weisberg</u>, 705 F.2d at 1351.  To meet its burden, the agency must proffer affidavit(s) or declaration(s) that shed sufficient light on "the scope and method of the search conducted by the agency." <u>Perry v. Block</u>, 684 F.2d 121, 127 (D.C. Cir. 1982) (per curiam). Simply put, these statements must be "`relatively detailed' and nonconclusory and must be submitted in good faith." <u>Goland v. CIA</u>, 607 F.2d 339, 352 (D.C. Cir. 1978) (footnote omitted), quoted in <u>Perry</u>, 684 F.2d at 127.  Because agency affidavits enjoy a presumption of good faith, <u>Ground Saucer Watch, Inc. v. CIA</u>, 692 F.2d 770, 771 (D.C. Cir. 1981) (per curiam), usually it is only the first two factors that are at issue.

Once the agency has successfully satisfied its <u>prima</u> <u>facie</u> obligation, the plaintiff may rebut by presenting countervailing evidence, including evidence of bad faith. <u>Meeropol</u>, 790 F.2d at 958; <u>Founding Church of Scientology</u>, 610 F.2d at 836. "[P]urely speculative claims about the existence and discoverability of other documents," however, do not suffice to discredit agency affidavits. <u>Ground Saucer Watch</u>, 692 F.2d at 771.  Moreover, even in situations where the agency acknowledges that the requested document still exists or once existed, "the failure to turn up

4

this document does not alone render the search inadequate."
Nation Magazine, Washington Bureau v. United States Customs
Serv., 71 F.3d 885, 892 n.7 (D.C. Cir. 1995) (citing Perry, 684
F.2d at 128); accord, Iturralde, 315 F.3d at 315 ("[I]t is long
settled that the failure of an agency to turn up one specific
document in its search does not alone render a search
inadequate.").  In such situations, an otherwise reasonable
search remains adequate unless circumstances reveal "positive
indications of overlooked materials." Founding Church of
Scientology, 610 F.2d at 837; accord Valencia-Lucena v. United
States Coast Guard, 180 F.3d 321, 327-28 (D.C. Cir. 1999). Thus,
the FOIA does not require an agency to "account for documents
which the requester has in some way identified if it has made a
diligent search for those documents in places in which they might
be expected to be found." Miller v. United States Dep't of State,
779 F.2d 1378, 1385 (8th Cir. 1985), cited with approval in
Iturralde, 315 F.3d at 315.  Here, there is no indication that
materials were overlooked.

     The District Court should enter summary judgment in favor of
ENRD because the Anton Declaration sufficiently explains the
procedures used to locate responsive documents, such that no
substantial doubt remains as to the efficacy of the search
methodology employed by the Law and Policy Section in responding
to plaintiff's FOIA request. See Iturralde, 315 F.3d at 314-15;

5

Founding Church of Scientology, 610 F.2d at 834-35.

The declaration of Ms. Anton and attached exhibits are a clear, concise, and nonconclusory description of the search conducted to locate responsive records maintained by ENRD.  The declaration demonstrates that the search was reasonable, thorough, and adequate.  ENRD searched for all records identifiable to the locations in California requested by plaintiff and the files most likely to have responsive records. (Anton  Declaration, ¶¶ 3, 4, 5, 6, 7 and 13). See Church of Scientology, 30 F.3d at 230 (search done of the United States Attorney's Office computerized records systems was adequate). The failure to locate responsive documents does not adversely reflect on the adequacy of the search by ENRD. See Hornbostal v.United States Department of Interior, 305 F. Supp. 21,28 (D.D.C. 2003).

Again, after suit was filed, an additional search for responsive documents was conducted (Anton Declaration, ¶ 13). The second search did not locate any responsive documents. Id. The original search and the supplemental search were reasonably calculated to locate the relevant records. Ogesby, 920 F. 2d at 68.  Moreover, agency personnel most likely to know the location of responsive documents conducted the search. See Valencia-Lucena, 180 F.3d at 326.  No records responsive to the plaintiff's request were found.

6

## CONCLUSION

For the foregoing reasons, summary judgment should be granted in favor of the defendant.


Respectfully submitted,

__/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


__/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


__/s/_____
DIANE M. SULLIVAN, D. C. BAR # 12765
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Room E4919
Washington, D.C. 20530
(202) 514-7205

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
EARNEE WINDELL SMITH            )
                                )
                Plaintiff,      )
                                )
        v.                      )    Civil Action No. 07-0015(JDB)
                                )
ENVIRONMENT AND                 )
NATURAL RESOURCES DIVISION,     )
                                )
                Defendant.      )
                                )
_____)
```

**STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE**

The defendant, in accordance with Local Rule 7(h), submits the following Statement of Material as to Which There Is No Genuine Issue:

1.    On May 31, 2005, the Environment and Natural Resources Division (ENRD) received a letter dated May 24, 2005, sent to (ENRD) by Earnee Windell Smith ("Requester") pursuant to FOIA, requesting records concerning federal jurisdiction over two addresses in Fontana and Rialto, California (<u>See</u> Anton Decl., Exhibit A ("Request")).  A second copy of the letter was received by ENRD on July 18, 2005 (<u>Id</u>., Exhibit B).

2.    The request asks for document(s) concerning legislative jurisdiction determination(s) for two addresses located in Fontana and Rialto, California (Anton Decl., ¶ 5).

3.    The Law and Policy Section of ENRD maintains ENRD's files concerning legislative jurisdiction determinations (these determinations involve the ceding of land between states and the

federal government).  These files consist of approximately three file cabinet drawers located in ENRD's Law and Policy Section in the Main Justice Building, 950 Pennsylvania Avenue, N.W., Washington, DC.  These files are maintained by the Law and Policy Section and are the sole repository of ENRD documents pertaining to legislative jurisdiction determinations.  The files are arranged alphabetically by state.  ENRD does not have an electronic database for such documents (Anton Decl., ¶ 6).

4.   In response to the request, Nadia Rhazi, former Law and Policy Section paralegal specialist, thoroughly searched these ENRD files and found no responsive documents (Anton Decl., ¶ 7).

5.   By letter dated July 15 and August 11, 2005, ENRD informed the plaintiff that ENRD had conducted a search of ENRD's files, and located no records responsive to the request (Anton Decl., ¶ 8, Exhibit C; ¶ 9, Exhibit D).

6.   By letter dated August 16, 2005, the plaintiff submitted a Notice of Appeal directly to ENRD (Anton Decl., ¶ 10).

7.   By facsimile dated August 24, 2005, Nadia Rhazi informed the Office of Information and Privacy ("OIP") that ENRD had received an appeal by the plaintiff from ENRD's response to the plaintiff FOIA request (Id., ¶ 11, Exhibit F).

8.   By letter dated June 27,2006, OIP informed the plaintiff that OIP determined that ENRD's response to his FOIA

2

request was correct (<u>Id</u>., ¶ 12, Exhibit 6).

9.    Upon learning that plaintiff had filed suit in the United States District Court for the District of Columbia requesting judicial review of ENRD's response to his request, Georgina Anton conducted another search of all legislative jurisdiction files maintained by the Law and Policy Section for records responsive to plaintiff's request.  Once again, no documents responsive to the plaintiff's request were found (<u>Id</u>., ¶ 13).

10.    Each step in the handling of the request has been entirely consistent with ENRD procedures for responding to requests under FOIA (<u>Id</u>., ¶ 14).

                        Respectfully submitted,

                        __/s/_____
                        JEFFREY A. TAYLOR, D.C. BAR # 498610
                        United States Attorney


                        __/s/_____
                        RUDOLPH CONTRERAS, D.C. BAR # 434122
                        Assistant United States Attorney


                        __/s/_____
                        DIANE M. SULLIVAN, D. C. BAR # 12765
                        Assistant United States Attorney
                        Judiciary Center Building
                        555 Fourth Street, N.W.
                        Room E4919
                        Washington, D.C. 20530
                        (202) 514-7205

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by

First-Class Mail; postage prepaid to:

EARNEE WINDELL SMITH
#17083-112
FCI
P.O. Box 5300
Adelanto, CA 92301


on this _____ day of March, 2007.


                              ___/s/_____
                              DIANE M. SULLIVAN
                              Assistant United States Attorney
                              555 Fourth Street, N.W.
                              Room E4919
                              Washington, D.C.  20530
                              (202)514-7205

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| EARNEE WINDELL SMITH | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-0015 (JDB) |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| JUSTICE ENVIRONMENT AND | ) | |
| NATURAL RESOURCES DIVISION | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DECLARATION OF GEORGINA ANTON

I, Georgina Anton, declare the following to be a true and correct statement of facts, to the best of my knowledge and belief:

1)      I am a Paralegal Specialist with the Law and Policy Section of the Environment and Natural Resources Division ("ENRD") of the U.S. Department of Justice. In this capacity, my responsibilities include the processing of incoming requests received by ENRD under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), searching for documents responsive to FOIA requests, and coordinating the response by ENRD to FOIA requests. I have been serving in this capacity for 21 months. For the past nine months, I have been the senior FOIA Paralegal Specialist who coordinates ENRD's FOIA responses. In 2005, I received a Bachelor of Arts degree from Northwestern University, *cum laude*.

2)      The statements I make here are made on the basis of my review of the official files and records of ENRD, my own personal knowledge, and/or on the basis of information

acquired by me through the performance of my official duties.

3)    On May 31, 2005, ENRD received a letter dated May 24, 2005, sent to ENRD by Earnee Windell Smith ("Requester") pursuant to FOIA, requesting records concerning federal jurisdiction over two addresses in Fontana and Rialto, California. ENRD categorized this FOIA request by the number "2005-00089." See Exhibit A.

4)    On July 18, 2005, ENRD received a second copy of the letter in Exhibit A. This second copy had been sent to the Department of Justice's central mailing address. The Justice Management Division forwarded this second copy to ENRD on July 18, 2005. ENRD categorized this second copy by the number "2005-00101." See Exhibit B.

5)    Request 2005-00089 (and 2005-00101) asks for document(s) concerning legislative jurisdiction determination(s) for two addresses located in Fontana and Rialto, California.

6)    The Law and Policy Section of ENRD maintains ENRD's files concerning legislative jurisdiction determinations (these determinations involve the ceding of land between states and the federal government). These files consist of approximately three file cabinet drawers located in ENRD's Law and Policy Section in the Main Justice Building, 950 Pennsylvania Avenue, N.W., Washington, DC. These files are the sole repository of ENRD documents pertaining to legislative jurisdiction determinations. The files are arranged alphabetically by state. ENRD does not have an electronic database for such documents.

7)    In response to the requests, my predecessor Nadia Rhazi, former Law and Policy Section paralegal specialist, thoroughly searched ENRD's legislative jurisdiction files relating to California. There are approximately six inches of files concerning California. Ms. Rhazi found no documents concerning land in or surrounding the neighboring towns of Fontana and Rialto,

California, and accordingly made a notation of her search in the files for these two FOIA requests.

8)    By letter dated July 15, 2005, ENRD informed Requester that ENRD had conducted a search of ENRD's files and had located no records responsive to Request No. 2005-00089. <u>See</u> Exhibit C.

9)    By letter dated August 11, 2005, ENRD informed Requester that ENRD had conducted a search of ENRD's files and had located no records responsive to Request No. 2005-00101. <u>See</u> Exhibit D.

10)    By letter dated August 16, 2005, Requester submitted a document called "Notice of Appeal" directly to ENRD.  <u>See</u> Exhibit E.

11)    By facsimile on August 24, 2005, Nadia Rhazi forwarded to Chiquita Hairston of the U.S. Department of Justice Office of Information and Privacy ("OIP") the "Notice of Appeal" and documents related to the FOIA requests.  <u>See</u> Exhibit F.

12)    By letter dated June 27, 2006, OIP informed Requester that OIP determined that ENRD's response to the Requests was correct.  <u>See</u> Exhibit G.

13)    Upon learning that Requester had filed suit in the U.S. District Court for the District of Columbia requesting judicial review of ENRD's response to the request, I conducted a second thorough search of all legislative jurisdiction files concerning California that are maintained by the Law and Policy Section.  As with the earlier search by Nadia Rhazi, I found no documents responsive to either of the Requests.

14)    Each step in the handling of the request has been entirely consistent with ENRD procedures for responding to requests under FOIA.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief.

Executed on March 14, 2007.

Georgina Anton
Paralegal Specialist

# Anton Declaration

# Exhibit A

DIRECT RESPONSE TO:

AGENCIES:

( )    United States Parole Commission
( )    Federal Bureau of Investigation
( )    Immigration & Naturalization service
( )    Internal Revenue Service
( )    United States Attorney
( )    Treasury Department
( )    Bureau of Prisons
( )    State Agency
(X )   Other: DEPARTMENT OF JUSTICE

ENVIRONMENT & NATURAL EARNEE WINDELL SMITH
RESOURCES DIVISION
APPELLATE SECTION
2005 MAY 31 AM 9: 47

Reg. No.: c/o 17083-112

Unit: 3-B-202L

Date: MAY 24, 2005

TO:U.S. DEPARTMENT OF JUSTICE
ENVIRONMENT & NATUARAL RESOURCES DIV.
POLICY, LEGISLATION AND SPECIAL
LITIGATION SECTION 950 PENNSYLVANIA
AVEUNE, N.W. ROOM 2133
P.O. BOX 4390
Washington, D.C. 20044-4390

IDENTIFICATION OF REQUESTER:
NAME: EARNEE WINDELL SMITH
ALIAS: N/A
DATE OF BIRTH: 10-11-62
PLACE OF BIRTH: LOS ANGELES, CALIFORNIA
F.B.I. NO:
SOC. SEC. NO: 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
OTHER: N/A

RE:    FREEDOM OF INFORMATION ACT
       ( U.S.C. 552), PRIVACY ACT
       (5 U.S.C. 552a

| Right Thumb | Right Index |
|---|---|
| RT | RI |

( SEE ATTACHED .....)

Dear Sir/Ms:

This letter will serve as my request pursuant to the provisions of the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 52a (d) (1), and the applicable State Statutes governing Freedom of Information Requests, if state agency request, for full disclosure and release of all records and / or data contained in the files of your agency, and specifically under my name and / or an identifier assigned to my name.

( SEE ATTACHED...........)

Examples of specific requests:

1). WHETHER THE FEDERAL GOVERNMENT HAS BEEN CEDED CRIMINAL JURSIDICTION PURSUANT TO THE CONSTITUTION ARTICLE 1.SEC.8.cl 17, OVER SAID PARCELS OF LAND ADDRESS AS FOLLOWS: 16055 FOOTHILL BLVD, FONTANA, CA. AND 151 WSET,BASLINE, RIALTO, CA. IN COMPLIANCE WITH TITLE 40 USC Section 255 et seq.

2). _____

_____

_____

_____

3). _____

_____

_____

_____

_____

4). _____

_____

_____

_____

5). _____

_____

_____

_____

6). _____

_____

It is further requested that your agency in response to the material requested specifically inform me if and to whom the file and / or any material therein contained has been released to any identifiable individual or agency, their name, title, purpose and need for such information, the date of such release, the specific material that was released, the person within your Agency who released such information, and the specific reference to authority, statute or regulation, governing such release (5 U.S.C. 52a (d) (1)), Paton v. La Parde, 524 F.2d 862 (CA3 1975), Tarlton v. Saxbe, 507 F.2d. 1116, 165 U.S. App. D.C. 293 91974), of Linda R.S. v. Richard D., 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed. 2d. 536. (1973).

It is further requested that your Agency provide me with a copy of specific regulations or your Department as provided by statute (5 U.S.C. 552), so that compliance with such regulations is adhered to except as otherwise provided by law (5 U.S.C. 701 et. seq.).

This request is made under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a) (together with the "alternate means of access"), to permit access to records on file with your Agency. If and for any reason it is determined that portions of the material and records sought is exempt by statute (5 U.S.C. (6) (c) (b), (7), 552a (j) (2), (k) (2) or by regulation (Menard v. Mitchell, 430 F.2d. 486, 139 U.S. App. D.C. 113 (1970), Nemetz v. Department of Treasury, 446 F. Supp. 102) I request specific citation to authority for such deletion. If it should be determined that any material be deemed CONFIDENTIAL due to identification of source, the permission is granted to Agency to delete source identification ONLY from the material for release. Paton v. LaParde, 524 F. 2d 862 (CA3 1975), Chastain v. Kelly, 510 F. 2d. 1232. I further agree to pay any reasonable costs, or file IN FORMA PAUPERIS if I am indigent, provided by statute or regulation of your agency, for search and copying of the material requested.

Pursuant to Title 5 U.S.C. 552 (6) (1) (1), it is noted that your Agency has ten (10) working days following receipt of this request to provide the information and material sought. Should any delay occur, it is requested that your Agency inform me of this delay as provided by Agency regulation, and the date as to when your Agency will be able to act upon request.

Yours truly,

*Earnee Windell Smith*

Dated: _05/24/2005_

(3)

U.S. Department of Justice

# Certification of Identity



**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden or this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the date needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, D.C. 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports (1103-0016), Washington, D.C. 20503.

Full Name of Requester [1]    **EARNEE WINDELL SMITH**

Citizenship Status [2]    **AMERICAN**        Social Security Number [3] **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**

Current Address    **U.S. PRISON, VICTORVILLE, P.O.BOX 5500 ADELANTO, CALIFORNIA 92301**

Date of Birth    **10-11-62**        Place of Birth **LOS ANGELES, CALIFORNIA**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any false falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more that $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretense its punishable under the provisions of 5 U.S.C. Section 552a(i)(3) by a fine of not more than $5,000.

Signature [4]    *Earnee Windell Smith*        Date    **05/24/2005**

## Optional: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. § 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

**EARNEE WINDELL SMITH**

### (Print or Type Name)

    1 Name of individual who is the subject of the record sought.
    2 Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an Alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.
    3 Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
    4 Signature of individual who is the subject of the record sought.

# Anton Declaration

# Exhibit B

2005-0901

**U.S. Department of Justice**
Justice Management Division

**Freedom of Information Act/Privacy Act**
**Referral/Action Slip**

Clerk: E. White

Date:

Organization: JMD/FASS

JUL 1 8 2005

Building & Room:  LOC, 113

| To | From | | To | From |
|----|------|---|----|------|
| ❑ | ❑ Office of Information & Privacy | | ❑ | ❑ Immigration Review, Executive Office for |
| | _____ | | ❑ | ❑ Inspector General, Office of |
| | _____ | | ❑ | ❑ Intelligence Policy and Review, Office of |
| | _____ | | ❑ | ❑ INTERPOL, U.S. National Central Bureau |
| ❑ | ❑ Antitrust Division | | ❑ | ❑ Justice Management Division Staff: _____ |
| ❑ | ❑ Bureau of Alcohol, Tobacco, Firearms and Explosives | | ❑ | ❑ Justice Programs, Office of |
| ❑ | ❑ Civil Division | | ❑ | ❑ Legal Counsel, Office of |
| ❑ | ❑ Civil Rights Division | | ❑ | ❑ National Drug Intelligence Center |
| ❑ | ❑ Community Relations Service | | ❑ | ❑ Pardon Attorney, Office of |
| ❑ | ❑ Community Oriented Policing Services | | ❑ | ❑ Professional Responsibility Advisory Office |
| ❑ | ❑ Criminal Division | | ❑ | ❑ Professional Responsibility, Office of |
| ❑ | ❑ Dispute Resolution, Office of | | ❑ | ❑ Solicitor General, Office of |
| ❑ | ❑ Drug Enforcement Administration | | ❑ | ❑ Tax Division |
| ☑ | ❑ Environment & Natural Resources Division | | ❑ | ❑ U.S. Attorneys, Executive Office for |
| ❑ | ❑ Federal Bureau of Prisons | | ❑ | ❑ U.S. Marshals Service |
| ❑ | ❑ Federal Bureau of Investigation | | ❑ | ❑ U.S. Parole Commission |
| ❑ | ❑ Federal Detention Trustee, Office of | | ❑ | ❑ U.S. Trustees, Executive Office for |
| ❑ | ❑ Foreign Claims Settlement Commission | | ❑ | ❑ _____ |

Requester: Earnee W. Smith _____

Ref: _____

Date of Request: May 24, 2005 _____

Received By: FOIA/PA Mail Referral Unit _____  Type of Request:  FOIA _____

Remarks:  Requester advised of this referral. _____

FORM JMD-481
Rev. Mar. 2004

AGENCIES:

( )   United States Parole Commission
( )   Federal Bureau of Investigation
( )   Immigration & Naturalization service
( )   Internal Revenue Service
( )   United States Attorney
( )   Treasury Department
( )   Bureau of Prisons
( )   State Agency
(X )   Other: DEPARTMENT OF JUSTICE

DIRECT RESPONSE TO:

Name: EARNEE WINDELL SMITH

Reg. No.: c/o 17083-112

Unit: 3-B-202L

Date: MAY 24, 2005

TO: U.S. DEPARTMENT OF JUSTICE
ENVIRONMENT & NATUARAL RESOURCES DIV.
POLICY, LEGISLATION AND SPECIAL
LITIGATION SECTION 950 PENNSYLVANIA
AVENUE, N.W. ROOM 2133
P.O. BOX 4390
Washington, D.C. 20044-4390

IDENTIFICATION OF REQUESTER:
NAME: EARNEE WINDELL SMITH
ALIAS: N/A
DATE OF BIRTH: 10-11-62
PLACE OF BIRTH: LOS ANGELES, CALIFORNIA
F.B.I. NO:
SOC. SEC. NO: 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
OTHER: N/A

RE:    FREEDOM OF INFORMATION ACT
       ( U.S.C. 552), PRIVACY ACT
       (5 U.S.C. 552a

       ( SEE ATTACHED .....)

| Right Thumb | Right Index |
|---|---|
| | |
| RT | RI |

Dear Sir/Ms:

This letter will serve as my request pursuant to the provisions of the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 52a (d) (1), and the applicable State Statutes governing Freedom of Information Requests if state agency request for full disclosure and release of all records and / or data contained in the files of your agency, and specifically under my name and / or an identifier assigned to my name.

( SEE ATTACHED.........)
. . . . . . . . . . . . .
. . . . . . . . . . . . .

Examples of specific requests:

1). WHETHER THE FEDERAL GOVERNMENT HAS BEEN CEDED CRIMINAL
JURSIDICTION PURSUANT TO THE CONSTITUTION ARTICLE 1.SEC.8.cl 17,
OVER SAID PARCELS OF LAND ADDRESS AS FOLLOWS: 16055 FOOTHILL
BLVD, FONTANA, CA. AND 151 WSET,BASLINE, RIALTO, CA. IN COMPLIANCE
WITH TITLE 40 USC Section 255 et seq.

2). _____

_____

_____

_____

_____

3). _____

_____

_____

_____

_____

4). _____

_____

_____

_____

_____

5). _____

_____

_____

_____

_____

6). _____

_____

(2)

It is further requested that your agency in response to the material requested specifically inform me if and to whom the file and / or any material therein contained has been released to any identifiable individual or agency, their name, title, purpose and need for such information, the date of such release, the specific material that was released, the person within your Agency who released such information, and the specific reference to authority, statute or regulation, governing such release (5 U.S.C. 52a (d) (1)), Paton v. La Parde, 524 F.2d 862 (CA3 1975), Tarlton v. Saxbe, 507 F.2d 1116, 165 U.S. App. D.C. 293 91974), of Linda R.S. v. Richard D., 410 U.S. 614, 93 S.Ct. 1146, 35 L.Ed. 2d. 536. (1973).

It is further requested that your Agency provide me with a copy of specific regulations or your Department as provided by statute (5 U.S.C. 552), so that compliance with such regulations is adhered to except as otherwise provided by law (5 U.S.C. 701 et. seq.). *Sent by SMD*

This request is made under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C. 552a) (together with the "alternate means of access"), to permit access to records on file with your Agency. If and for any reason it is determined that portions of the material and records sought is exempt by statute (5 U.S.C. (6) (c) (b) (7), 552a (j) (2), (k) (2) or by regulation (Menard v. Mitchell, 430 F.2d. 486, 139 U.S. App. D.C. 113 (1970), Nemetz v. Department of Treasury, 446 F. Supp. 102) I request specific citation to authority for such deletion. If it should be determined that any material be deemed CONFIDENTIAL due to identification of source, the permission is granted to Agency to delete source identification ONLY from the material for release. Paton v. LaParde, 524 F. 2d 862 (CA3 1975), Chastain v. Kelly, 510 F. 2d. 1232. I further agree to pay any reasonable costs, or file IN FORMA PAUPERIS if I am indigent, provided by statute or regulation of your agency, for search and copying of the material requested.

Pursuant to Title 5 U.S.C. 552 (6) (1) (1), it is noted that your Agency has ten (10) working days following receipt of this request to provide the information and material sought. Should any delay occur, it is requested that your Agency inform me of this delay as provided by Agency regulation and the date as to when your Agency will be able to act upon request.

Yours truly,

*Earnee Windell Smith*

Dated: *05/24/2005*

(3)

U.S. Department of Justice          **Certification of Identity**          

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Failure to furnish this information will result in no action being taken on the request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden or this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the date needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to Director, Facilities and Administrative Services Staff, Justice Management Division, U.S. Department of Justice, Washington, D.C. 20530 and the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports (1103-0016), Washington, D.C. 20503.

Full Name of Requester [1] _____ EARNEE WINDELL SMITH _____

Citizenship Status [2] _____ AMERICAN _____    Social Security Number [3] 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

Current Address  U.S. PRISON, VICTORVILLE, P.O.BOX 5500 ADELANTO, CALIFORNIA 92301

Date of Birth  10-11-62 _____    Place of Birth  LOS ANGELES, CALIFORNIA

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any false falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more that $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretense its punishable under the provisions of 5 U.S.C. Section 552a(i)(3) by a fine of not more than $5,000.

Signature [4]  _Earnee Windell Smith_ _____    Date  05/24/2005

---

## Optional: Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. § 552a(b), 1 authorize the U.S. Department of Justice to release any and all information relating to me to:

EARNEE WINDELL SMITH

_____
**(Print or Type Name)**

1 Name of individual who is the subject of the record sought.

2 Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an Alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

3 Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

4 Signature of individual who is the subject of the record sought.

FED OM3 NO.1103-0016                                        FORM DOJ-361
                                                            Apr.01

Anton Declaration

Exhibit C



**U.S. Department of Justice**

Environment and Natural Resources Division

---

*Law and Policy Section*
*P.O. Box 4390*
*Ben Franklin Station*
*Washington, DC 20044-4390*

*Telephone (202) 514-1442*
*Facsimile (202) 514-4231*


Earnee Windell Smith
U.S. Prison Victorville
P.O. Box 5500
Adelanto, CA   92301

JUL 1 5 2005

FOIA No.: FOIA-2005-00089


Dear Mr. Smith:

This letter responds to your Freedom of Information Act (FOIA) request for records concerning federal jurisdiction over parcels of land in Fontana and Rialto, California. The Environment and Natural Resources Division received your Freedom of Information Act (FOIA) request on May 31, 2005.

We have conducted a search of the Division's files and have located no records responsive to your request.  Please note that the presence or absence of the records you requested in this Division's files does not indicate the existence or nonexistence of federal legislative jurisdiction of a site.

This determination may be appealed under 28 C.F.R. 16.9(a) and 5 U.S.C. 552(a)(6)(A) within 60 days of the date of this letter by writing to the Co-Director, Office of Information and Privacy, U.S. Department of Justice, Flag Building, Suite 570, Washington D.C. 20530. You should clearly mark your envelope and letter: "Freedom of Information Appeal."

The cost of processing your request did not exceed our minimum billing threshold, so you will not be charged for this request.

If you need any further assistance, please contact Nadia Rhazi at 202-514-0424.

Sincerely,

Pauline H. Milius
Chief

Anton Declaration

Exhibit D



**U.S. Department of Justice**

Environment and Natural Resources Division

---

*Law and Policy Section*
*P.O. Box 4390*
*Ben Franklin Station*
*Washington, DC 20044-4390*

*Telephone (202) 514-1442*
*Facsimile (202) 514-4231*

Earnee Windell Smith
U.S. Prison Victorville
P.O. Box 5500
Adelanto, CA  92301

AUG 1 1 2005

FOIA No.: 2005-00101

Dear Mr. Smith:

This letter responds to your Freedom of Information Act (FOIA) request dated May 24, 2005 concerning records for federal jurisdiction over parcels of land in Fontana and Rialto, California. The Environment and Natural Resources Division (ENRD) received two identical copies of this request letter. We received the first directly from you on May 31, 2005 and we mailed the corresponding response letter to you on July 15, 2005. The second copy of the request was routed from the Justice Management Division on July 18, 2005. Because this second request is duplicative, our response is identical to that sent out on July 15, 2005.

We have conducted a search of the Division's files and have located no records responsive to your request. Please note that the presence or absence of the records you requested in this Division's files does not indicate the existence or nonexistence of federal legislative jurisdiction of a site.

This determination may be appealed under 28 C.F.R. 16.9(a) and 5 U.S.C. 552(a)(6)(A) within 60 days of the date of this letter by writing to the Co-Director, Office of Information and Privacy, U.S. Department of Justice, Flag Building, Suite 570, Washington D.C. 20530. You should clearly mark your envelope and letter: "Freedom of Information Appeal."

The cost of processing your request did not exceed our minimum billing threshold, so you will not be charged for this request.

If you need any further assistance, please contact Nadia Rhazi at 202-514-0424.

Sincerely,

Pauline H. Milius
Chief

Anton Declaration

Exhibit E

Earnee Windell Smith c/o 17083-112

U.S. Prison, Victorville

P.O. BOX 5500

Adelanto, California 92301

Law and Policy Section

P.O. BOX 4390

Ben Franklin Station

Washington, D.C. 20044-4390


IN RE TO: NOTICE OF APPEAL OF CASE NUMBERS FOIA 2005-00101
AND 2005-00089.


Dear Sir or Madam:


Please Take Notice that Petitioner, Earnee Windell Smith,
gives notice of an appeal pursuant to 28 CFR 16.9(a) and 5
USC 552(a)(6)(A); Wherein this is a timely notice given
within the 60 days of the date of the letter attached.

### CERTIFICATE OF MAILING


I, Earnee Windell Smith, do certify and affirm that I have
enclosed in a First Class postage prepaid seal envelope, one
true, correct, certain, complete, and not misleading copy of
the foregoing Notice of Appeal, addresses as follows:

U.S. DEPARTMENT OF JUSTICE

FLAG BUILDING, SUITE 570

WASHINGTON, D.C. 20530

LAW AND POLICY SECTION

P.O. BOX 4390

BEN FRANKLIN STATION

WASHINGTON, D.C. 20044-4390

Dated 8/16/05

_Earnee Winsdell Smith_

Appellant

# Anton Declaration

# Exhibit F



**FAX COVER SHEET**
**U.S. Department of Justice**
**LAW & POLICY SECTION (LPS)**
P.O. Box 4390
Washington, DC 20044-4390
Main Phone No.: 202 514-1442
Fax Nos.:  202 514-4231- Room 2615
          202 616-8543 - Room 2625
Service Center Room 2343
Fax No.: 202 353-1873

**IMPORTANT:** This facsimile is intended only for the use of the individual or entity to which it is addressed. It may contain information that is privileged, confidential, or otherwise protected from disclosure under applicable law. If the reader of this transmission is not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any dissemination, distribution, copying or use of this transmission or its contents is strictly prohibited. If you have received this transmission in error, please notify us by telephoning and return the original transmission to us at the address given above.

DATE: 8/24/05                          NUMBER OF PAGES: 19 (Including cover sheet)

RECIPIENT NAME(S)                      RECIPIENT FAX NUMBER(S)

*Chiquita Hairston*                    *41009*

*************************************************************************
SENDER:                                PHONE NUMBER

*Nadia Rhazi*                          *40424*
*************************************************************************
SPECIAL INSTRUCTIONS/MESSAGE:

*Appeal Info for Earnee Windell Smith*
*for FOIAs:*
          *2005-00101*
          *2005-00089*

# Anton Declaration

# Exhibit G



**U.S. Department of Justice**

Office of Information and Privacy

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**JUN 2 7 2006**

Mr. Earnee W. Smith                    Re:    Appeal Nos. 05-2645 and 05-2646
Register No. 17083-112                        Request Nos. 2005-00101 and
United States Penitentiary                    2005-00089
Post Office Box 5500                          KDC:ALB:CL
Adelanto, CA 92301

Dear Mr. Smith:

You appealed from the action of the Environment and Natural Resources Division (ENRD) on your request for access to records reflecting the federal government's jurisdiction over certain parcels of land in Fontano and Rialto, California. I note that duplicate appeal and request files were opened in this matter.

After carefully considering your appeal, I am affirming ENRD's action on your request. ENRD informed you that it could locate no responsive records in its files. I have determined that ENRD's response was correct.

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B.

Sincerely,

Daniel J. Metcalfe
Director