Earnee Windell Smith
Federal Correctional Institution
P.O. BOX 5300
Adelanto, California 92301

In Propria Persona

**RECEIVED**

APR 1 3 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| EARNEE WINDELL SMITH,<br>    Plaintiff,<br><br>v.<br><br>ENVIRONMENTAL NATURAL<br>RESOURCES DIVISION,<br>    Defendant. | Civil Action No. 07-0015 (JDB)<br><br>NUNC PRO TUNC MOTION FOR<br>SUMMARY JUDGMENT F.R.CV.P. 56(a)<br>AFFIDAVIT AND MEMORANDUM OF LAW<br><br>HEARING: SUMMARY JUDGMENT MOTION<br>TIME: 10:00 AM<br>DATE: MAY 6th, 2007. |

BEFORE THE HONORABLE
JOHN D. BATES

Earnee Windell Smith, Plaintiff, Moves this Court for Summary Judgment against Environmental Natural Resources Division, (hereinafter defendant) and the Plaintiff's response to defendant's summary judgment and prays that this Court render a judgment for the Plaintiff for all of the relief set forth in Plaintiff's Complaint.

GROUNDS FOR RELIEF

1. The Plaintiff is entitled to Summary Judgment because, as more fully shown in Affidavit of Plaintiff, there is a genuine issue of law and fact that needs to be tried in this action: the defendant is the sole agency that holds the records or that the federal government has accepted legislative jurisdiction for civil and criminal prosecution pursuant to Title: 40 U.S.C. Sections 255 and 3112.

a. The pleading in this action request for a finding of fact and law, the issues of law are clear; if the government does not have in its possession it is conclusive that no such jurisdicton exist.

2. On these undisputed facts, the Plaintiff is entitled to judgment as a matter of law because, for the reasons set out more fully in the accompanying Memoradum of Law: Lack of Legislative Territorial Jurisdiction.

a. The only defense to the defendant is that their is no genuine issue of material fact, however, the lack thereof, acceptance of legislative jurisdiction is essential to the issue at law; as requested in the complaint to make a finding of fact and law.

b. That the finding of the defedant are true, correct, and complete must be resolved by Trial; that the search was adequate for the records therefore, Plaintiff agrees with the findings of the defendant, only the issues of law remain.

c. That there exist in the defendant's files a Nul tiel record of the Plaintiff's request as to the parcels of land in Fontana and Rialto California, that the federal government has legislative autohrity over said land.

                                RECORD ON MOTION

This motion is based on this document, on the accompanying Statement of Undisputed Facts, on the accompanying Memorandum of Law, on the Affidavit of Plaintiff, and exhibits on file with Complaint, on Certificate of Service of all of these materials that are attached to this document, on all pleadings and papers on File in this action, and whatever evidence and argument may be allowed at a hearing on this motion.

Dated April 10, 2007                                    *Earnee Windell Smith*
                                                        Earnee Windell Smith/Plaintiff

MEMORANDUM OF LAW
LACK OF LEGISLATIVE TERRITORIAL
JURISDICTION

1. AGENCY REQUIREMENT. THE LAND AND NATURAL RESOURCES DIVISION SUPERVISES SUITS AND MATTERS OF A CIVIL NATURE RELATING TO LAND, WATER, MARINE RESOURCES, AND OTHER INTERESTS IN REAL PROPERTY IN WHINCH THE UNITED STATES ITSELF. THIS DIVISION MAINTAINS CASE FLIES, CORRESPONDENCE FILES, AND LISTS OF APPRAISERS, ABSTRACTORS, ATTORNEYS, AND TITLE INSURANCE COROPORATIONS.

The Environment Natural Resources Division (hereinafter referred to as defendant) is the defendant in this action. The defendant is an agency pursuant to Title: 5 U.S.C. Section: 552a (a)(1), and the Plaintiff is an individual pursuant to Title: 5 U.S.C. Section 552a (a)(2). The defendant is the sole agency that is in charge of the record or records that accepts as to whether concurrant and/or legislative jurisdiction over said land or lands.

2. FEDERAL LAW PROVIDES THAT A STATES'S CESSION OF LEGISLATIVE JURISDICTION TO THE UNITED STATES DOES NOT TAKE EFFECT UNTIL ACCEPTED BY THE HEAD OF THE FEDERAL DEPARTMENT THAT HAS CUSTODY OVER THE LAND. 40 U.S.C. SECTIONS 255 AND 3112.

The federal government must comply with the Federal Constitution and the Statutory mandate to have an interest in the property, Public buildings, and Works established by the acceptance of the United States legislative jurisdiction to exercise like authority over all places purchased by the United States; by cession of particular states and by the consent of the legislature of the state. Notwithstanding the above Constitutional authority See, Article 1, Section 8, Cl. 17, is in compliance with the statutory mandate See, Title: 40 U.S.C. Section 255 and 3112 which states in part:

" UNLESS AND UNTIL THE UNITED STATES HAS
ACCEPTED JURISDICTION OVER LANDS HEREAFTER TO BE
ACQUIRED AS AFORSAID, IT SHALL BE
ACQUIRED AS AFORSAID, IT SHALL BE CONCLUSIVELY
PRESUMED THAT NO SUCH JURISDICTION HAS BEEN ACCEPTED."

The defendant does not have in its possession the acceptance by the Attorney General nor by the manner prescribed by laws of the State where the land is situated. It should be conclusively that no such jurisdiction has been accepted. "If the United States purchases or condemns land within a state without the state's consent, the possession of the United States is simply that of an ordinary proprietor and the United States does not obtain benefits of this clause (Article 1 Section 8, Cl. 17) giving Congress power to exercise exclusive legislation over all places purchased by consent of the legislature of the state in which the land is located". See, Paul v. United States, U.S. Cal. 1963, 83 S.Ct. 426, 371 U.S. 245, 9 L.ED2d 292. "Exclusive legislative jurisdiction may be exercised by federal government over lands located within a state only cession by state of part or all of its rights of sovereignty in and over certain of lands and waters within its boundaries to the United State". See, United States v. Holmes, 414 F.Supp 831 D.C. Md. 1976.

3. LACK OF RECORDS. THE DEFENDANT IS REQUIRED BY LAW TO MATAIN THE RECORDS OF INTEREST IN REAL PROPERTY IN WHICH THE UNITED STATES ITSELF HAVE ACCEPTED CONCURRENT LEGISLATIVE JURISDICTION.

The defendant does not have the record or records; of the federal government for its acceptance of concurrent criminal and civil legislative jurisdiction over the parcels in Fontana and Rialto California. "The law requires proof to appear on the record of the administrative proceedings." See, Hagan v. Lavine, 415 U.S. 577. The record does not exist in this department/agency however, the record in this matter is silent as the defendant failed to put forth any documentation evidencing the establisment of legislative jurisdiction in compliiance with the statutory mandate. See, 40 U.S.C. Sections 255 and 3112; and Article 1 Section 8, Cl 17., of the Federal Constitution of the United States of Amercia.

4. INTENTION OF LEGISLATURE. THE PROVISO IN TITLE 40 U.S.C. SECTIONS 255 AND 3112 AND ARTICLE 1 SECTION 8 CLAUSE 17, OF THE CONSTITUTION OF THE UNITED STATES OF AMERCIA, IS IN COMPLANCE WITH THE INTENT OF CONGRESS.

"It has been declared that the intention of the legislature, when discovered and discerned, must prevail, notwithstanding any rule of construction." Brown v. Barry, 3 U.S. 365, 1 L.ED. 638. The plaintiff, having discovered the written will of legislative, will now reveal what the court has to say about legislative words of a statute. "Legislative words derive vitality from the obvious purposes for which the statutes are enacted". See, Griffiths v. Commisioner of Internal Reveune, 308 U.S. 355, 84 L.ED. 316, 60 S.CT. 277. As variously expressed, the statute may not be restricted, constriced qualifeid, or narrowed. The general rule is that nothing may be subtracted or added into statute, which is not within the maifest intention of the legislature as gathered from the act itself. See, Employers Liability Cases, 207 U.S. 463, 52 L.ED. 297, 285 S.CT. 141. A statute should not be limited or constructed any more broadly, or given any effect that its terms require. " A statute is an act of legislature, Courts should aviod Judicial legislation, the usurpation of legislative powers or an entry into legislative feld". See, Alexander v. Cosden Pipe Co, 78 L.ED. 452. It has been declared that the intentions of the legislature, when discovered and discerned, must prevail. See, Brown v. Barry, Supra. That the purpose statement of a statute is not law, only the words of the statute are law. See, In re Sinclair  870 F.2d 1340. That in ascertaining the plain meaning of the statute, the court must look to the definition of the words in accordance with the rulings handed down by the Supreme Court. "Where the statutory language is clear, the sole function of a court is to enforce it according to its terms". See, Rake v. Wade, 124 L.ED2d 424. "...that in any conflict between the Constitution and a law passed by Congress, the Constitution must always take precedence". See, Marbury v. Madison,  5 U.S. 137 (1803).

CONCLUSION

WHEREFORE, Earnee Windell Smith, your Plaintiff has setforth his Memorandum of Law on Lack of Legislative Territorial Jurisdiction for the following Conclusion:

CONCLUSION

That the Defendant is the sole agency/department that is the keeper of the records that determins whether legislative jurisdiction has been accepted.

CONCLUSION

That the Defendant does not have in its possession the letter or letters from the acceptance of the Attorney General pursuant to Title: 40 U.S.C. Sections 255 and 3112; and in complaince with Article 1 Section 8, Clause 17, of the United States Constitution of Amercia.

CONCLUSION

"Unless and until the United States has accepted jurisdiction over lands hereafter to be acquired as aforsaid, it shall be as aforsaid, it shall be conclusively presumed that no such jurisdiction has been accepted". See, 40 U.S.C. Section 255 and 3112.

CONCLUSION

"Where the statutory language is clear, the sole function of a court is to enforce it according to its terms". See, Rake v. Wade, Supra.

CONCLUSION

That the parcels of land at 16055 Foothill Blvd and 151 West Basline Rialto, California; that the property, public building, and works show a Nul tiel record pursuant to Title: 40 U.S.C. Sections 255 and 3112.

Dated April 10, 2007

Earnee Windell Smith
Plaintiff

Earnee Windell Smith
Federal Correctional Institution
P.O. BOX 5300
Adelanto, California 92301

In Propria Persona

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLOUMBIA

EARNEE WINDELL SMITH,                         Civil Action No. 07-0015 (JDB)
    Plaintiff,
                                              AFFIDAVIT OF UNDISPUTED FACTS
v.                                            AND JUDICIAL NOTICE F.R.EVIDENCE
                                              RULE 201 (b)
ENVIRONMENT NATURAL
RESOURCES DIVISION,
    Defendant.


California Republic    )
                       )  ss: Affidavit of Plaintiff
                       )
San Bernardino County  )

Come Now the Plaintiff, and hereby give Judicial Notice of the fact; that within the territorial of the trial Court, that all federal legislation is territorially limited.

I, Earnee Windell Smith, (hereinafter Affiant) depose and states as follows that:

    1. That the affiant, is comptent to testify to the herein facts

    2. That the affiant, is over the age of 21 years old.

    3. That the affiant, is a party to the herein action, case number 07-0015 (JDB).

    4. That the herein statements and exhibits are not heresay but are true, correct, and complete and not misleading and admissible in a court of law.

    5. That the above named defendant is a party to the herein action.

6. That the affiant, have cause to be filed with the defendant a Freedom of Information Act Request; as to whether the federal government has accepted jurisdiction over parcels of land at 16055 Foothill Blvd and 151 West Basline in the city of Fontana and Rialto California.

7. That the affiant, invoke in his request the authority of Title: 40 U.S.C. Section 255 et seq.; and the United States of Amercia, Constitution Article 1 Section 8, Clause 17. See, Exhibit A and B.

8. That the defendant, did respond with its finding that no records where found. However, the defendant left some uncertainty "Please note that the presence or absence of the records you requested in this Division's files does not indicate the existence or nonexistence of federal legislative jurisdiction of a site."

9. Both the Statute and Constitution applies to federal government on the limitation of their jurisdiction pursuant to Title: 40 U.S.C. 255 and 3112; and the Constitution Article 1, Section 8, Clause 17.

10. The lack of acceptance by the Attorney General is conclusive that the United States has not accepted jurisdiction.

11. The affiant, agrees with the defendant that no such records exist because a previous search was executed from the California State Land Commission. See, Exhibit C.

12. Their are four kinds of jurisdictional status of federal property: exclusive legislative jurisdiction, concurrent legislative jursidiction, partial legislative jurisdiction, and proprietorial interest only.

13. " In California, if it is not proved by a defendant in a state prosecution that the State has ceded jurisdiction, it is presumed the State does have jurisdiction over a criminal offense"See, People v. Brown, 69 Cal. App 2d 602, 159 P2d 686; " and if the cession exists, the State has no jurisdiction". See, People v. Mouse, 203 Cal. 782, 265 P 944; see also, California Government Code 126. ; Likewise, United States Courts must prove concusively, whenever challenged, that exclusive legislative jurisdiction exist to sustain any and all action(s).

14. "... that courts must presume that legislature says in a statute what it means and means in a statute what is says". See, <u>Connecticut Nat. Bank v. Germain</u>, 117 LED2d at 397.

15. The affiant is satisfied that the herein authorites and Stare decisis entered in this Affidavit stands as true, correct, and complete; therefore, it is presume that no such jurisdiction was accepted by the federal government.

The Affiant Further Say Not.

"By the mouth of two or three witnesses every word shall be established." See, 2 Corinthians Chapter 13, Verse 1, K.J.V.; Public Law 97-280, Stat. 96- 1211.

_____   04-09-07         2007
Witness                    Dated             Year

_____   04-09-07         2007
Witness                    Dated             Year


Dated April 9, 2007        L.S. _____
                                Earnee Windell Smith
                                Affiant/Plaintiff

# CERTIFICATE OF SERVICE

I, __Earnee Windell Smith_____ hereby certify that I have served a true and correct copy of the following:

NUNC PRO TUNC MOTION FOR
SUMMARY JUDGMENT AFFIDAVIT
AND MEMORANDUM OF LAW

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, *Houston v. Lack,* 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

UNITED STATES DISTRICT COURT
333 Constitution Aveune, N.W.
Washington, D.C.
20001

UNITED STATES ATTORNEY'S OFFICE
District of Coloumbia
555 Fourth Street, N.W.
Washington, D.C.
20530

and deposited same in the United States Postal Mail at the Federal Correctional Institution Adelanto, California, on this: __10th__ day of: __April__, 200$. 

I DECLARE THAT THE FOREGOING IS TRUE AND CORRECT, COMPLETE PURSUANT TO TITLE 28 U.S.C. 1746 (2).

*Earnee Windell Smith*
Earnee Windell Smith

c/o 17083112
Federal Correctional Institution
P.O. BOX 5300
Adelanto, California
92301

# EXHIBIT A

IGS, PROPERTY, WORKS

iuthority of transfer of

opriation Act of June

sury Department was
Procurement Division
166 of June 10, 1933,

nent Division of the
ic Buildings Adminis-
Reorg. Plan No. I,
2729, 53 Stat. 1426,

Public Buildings and
rred to the Adminis-
Act June 30, 1949,
ct June 30, 1949, as
(b), 64 Stat. 583) c.
nmissioner of Public
1 were abolished by
set out as 40 USCS
e General Services
949, by the Admin-
erred functions.

RECTIVES

276) was repealed by
. 484, except as to
see 40 USCS § 341

ildings; see 40 USCS

States; acquisition

val of the sufficiency
rty is being acquired
led for the purchase

under this section to
supervision and in

BUILDINGS AND WORKS, GENERALLY                40 USCS § 255

Any Federal department or agency which has been delegated the responsibility to approve land titles under this section may request the Attorney-General to render his opinion as to the validity of the title to any real property or interest therein, or may request the advice or assistance of the Attorney General in connection with determinations as to the sufficiency of titles.

Except where otherwise authorized by law or provided by contract, the expenses of procuring certificates of title or other evidences of title as the Attorney General may require may be paid out of the appropriations for the acquisition of land or out of the appropriations made for the contingencies of the acquiring department or agency.

The foregoing provisions of this section shall not be construed to affect in any matter any existing provisions of law which are applicable to the acquisition of lands or interests in land by the Tennessee Valley Authority.

Notwithstanding any other provision of law, the obtaining of exclusive jurisdiction in the United States over lands or interests therein which have been or shall hereafter be acquired by it shall not be required; but the head or other authorized officer of any department or independent establishment or agency of the Government may, in such cases and at such times as he may deem desirable, accept or secure from the State in which any lands or interests therein under his immediate jurisdiction, custody, or control are situated, consent to or cession of such jurisdiction, exclusive or partial, not theretofore obtained, over any such lands or interests as he may deem desirable and indicate acceptance of such jurisdiction on behalf of the United States by filing a notice of such acceptance with the Governor of such State or in such manner as may be prescribed by the laws of the State where such lands are situated. Unless and until the United States has accepted jurisdiction over lands hereafter to be acquired as aforesaid, it shall be acquired as aforesaid, it shall be conclusively presumed that no such jurisdiction has been accepted.

(R. S. § 355; June 28, 1930, c. 710, 46 Stat. 828; Feb. 1, 1940, c. 18, 54 Stat. 19; Oct. 9, 1940, c. 793, 54 Stat. 1083; Sept. 1, 1970, P. L. 91-393, § 1, 84 Stat. 835.)

HISTORY; ANCILLARY LAWS AND DIRECTIVES

Explanatory notes:
R. S. § 355 was derived from from Res. Sept. 11, 1841, No. 6, 5 Stat. 468.
This section also appears as 33 USCS § 733 and 50 USCS § 175.
The fifth paragraph of this section is based on the last paragraph of § 1 of Act Sept. 1, 1970, P. L. 91-393, 84 Stat 835. The first four paragraphs of this section are based on the amendment of R. S. § 355 made by the first paragraph of § 1 of such Act Sept. 1, 1970.

**40 USCS § 3111, n 8**  PUBLIC BLDGS, PROPERTY & WORKS

as at first presented have been obviated. Merchants' Exchange Co's Case (1865) 1 Ct Cl 332.

Asserted claims of ownership of property, or some portion thereof, by different parties, will be examined and considered by Attorney General, who will indicate in his opinion persons by whom and point out mode by which good and valid title to whole of reservation can be conveyed to United States and all claims for use and occupancy thereof extinguished, as contemplated. (1886) 18 Op Atty Gen 327.

Validity of titles to lands proposed to be acquired for mine-rescue work should be submitted to Attorney General. (1910) 28 OAG 413; (1910) 28 Op Atty Gen 463.

**9. Sufficiency of title**

Deed of conveyance executed by certain named persons was not sufficient to impart valid title to whole of Fort Brown Reservation. (1886) 18 Op Atty Gen 400.

Tax receipts are sufficient evidence that land is discharged and redeemed from tax sale and taxes. (1892) 20 Op Atty Gen 430.

Contract of option for sale of certain lands to certain officers of Shiloh Battlefield Association does not to constitute very serious cloud upon title to land referred to. (1896) 21 Op Atty Gen 302.

Facts contained in certificate of record by registrar of property at Humacao are sufficient evidence that United States will, upon purchase thereof, acquire from grantors good and unencumbered title to Cabras Island, Puerto Rico. (1904) 25 Op Atty Gen 226.

**10. Purchase of encumbered land**

There was nothing in former 40 USCS § 255 that forbade purchase of land encumbered by outstanding liens which had not matured; but in such case department making purchase should have stipulated with vendors, for retention of amount of purchase money necessary to pay off encumbrances when due, and if then discharged by vendors, purchase money so withheld should have been paid, or, if not then discharged by vendors, that retained purchase money should have been applied by government to their payment. (1862) 10 Op Atty Gen 353.

**11. Effect of title approval requirement on rights of parties to contract**

Party dealing with United States is bound to take notice that approval of title by Attorney General is condition precedent to payment of price of lands purchased by United States, Ryan v United States (1890) 136 US 68, 34 L Ed 447, 10 S Ct 913.

Under predecessor to former 40 USCS § 255, if title was to be submitted to Attorney General for his approval before government consented to purchase, delay by that officer would not furnish foundation for claim against government, especially where it was not alleged that delay was unreasonable or was induced by government. Merchants' Exchange Co's Case (1865) 1 Ct Cl 332.

Where Secretary of Treasury had made contract for site of court house, and afterwards refused to take property for supposed defect of title, contract was at end; former 40 USCS § 255 was part of every contract to purchase land by United States. (1857) 9 Op Atty Gen 100.

Where Postmaster General, under authority of Act of Congress, made contract for purchase of post office site in city of New York, which stipulated for payment of agreed price when Attorney General approved title, and conveyance was executed, after execution of deed by vendors, and Attorney General certified that valid title to land had been thereby vested in United States, Postmaster General had no power, under Act, to make any new contract of purchase for same or other property, and that vendors were entitled to receive purchase money. (1861) 10 Op Atty Gen 34.

Obligation to pay for property arises when valid title thereto is conveyed and becomes vested in United States; hence not until acceptance of deeds tendered by vendors. (1889) 19 Op Atty Gen 297.

Where War Department, under authority of Act of July 2, 1917, as amended by Act of April 11, 1918, has, prior to March 3, 1921, entered into valid and enforceable contract for purchase of land, and under that contract United States has taken possession, purchase of land is accomplished fact and nothing remains to be done but to carry out terms of contract. (1921) 32 Op Atty Gen 582.

**§ 3112. Federal jurisdiction**

**(a) Exclusive jurisdiction not required.** It is not required that the Federal Government obtain exclusive jurisdiction in the United States over land or an interest in land it acquires.

**(b) Acquisition and acceptance of jurisdiction.** When the head of a department, agency, or independent establishment of the Government, or other authorized officer of the department, agency, or independent establishment, considers it desirable, that individual may accept or secure, from the State in which land or an interest in land that is under the immediate jurisdiction, custody, or

PUBLIC BUILDINGS AND WORKS  **40 USCS § 3112, n 1**

control of the individual is situated, consent to, or cession of, any jurisdiction over the land or interest not previously obtained. The individual shall indicate acceptance of jurisdiction on behalf of the Government by filing a notice of acceptance with the Governor of the State or in another manner prescribed by the laws of the State where the land is situated.

**(c) Presumption.** It is conclusively presumed that jurisdiction has not been accepted until the Government accepts jurisdiction over land as provided in this section.

(Aug. 21, 2002, P. L. 107-217, § 1, 116 Stat. 1144.)

## HISTORY; ANCILLARY LAWS AND DIRECTIVES

**Prior law and revision:**

| Revised Section | Source (U.S. Code) | Source (Statutes at Large) |
|---|---|---|
| 3112(a) | 40:255 (last par. 1st sentence words before semicolon). | R.S. 355 (last par.); June 28, 1930, ch. 710, 46 Stat. 828; Feb. 1, 1940, ch. 18, 54 Stat. 19; Oct. 9, 1940, ch. 793, 54 Stat. 1083. |
| 3112(b) | 40:255 (last par. 1st sentence words after semicolon). | |
| 3112(c) | 40:255 (last par. last sentence). | |

Subsection (a) is substituted for 40:255 (last par. 1st sentence words before semicolon) to eliminate unnecessary words. In subsection (b), the words "exclusive or partial" are omitted as unnecessary.

## RESEARCH GUIDE

**Federal Procedure:**

7 Fed Proc L Ed, Condemnation of Property §§ 14:234, 235, 277, 292, 293, 323.

29 Fed Proc L Ed, Public Lands and Property §§ 66:501, 502.

## INTERPRETIVE NOTES AND DECISIONS

1. Generally
2. Consent of state to acquisition by federal government
3. Acceptance of jurisdiction, generally
4. —Procedure
5. —Evidence
6. Scope of jurisdiction
7. Reservation of jurisdiction by state
8. Reacquisition of jurisdiction by state

**1. Generally**

If United States acquires with "consent" of state legislature land within borders of that state by purchase or condemnation for any of purposes mentioned in Article 1, § 8, Clause 17 of United States Constitution, or if land is acquired without such consent and later state gives its "consent," jurisdiction of Federal Government becomes "exclusive." Paul v United States (1963) 371 US 245, 9 L Ed 2d 292, 83 S Ct 426 (ovrld on other grounds as stated in Minnesota by Alexander v Block (1981, CA8 Minn) 660 F2d 1240, 16 Envt Rep Cas 2199, 11 ELR 21033).

Principal factors determining whether Foreign Trade Zone at New Orleans was under exclusive ju-

# EXHIBIT B

House respectively. If any Bill shall not be returned by the President within ten Days (Sundays excepted) after it shall have been presented to him, the Same shall be a Law, in like Manner as if he had signed it, unless the Congress by their Adjournment prevent its Return in which Case it shall not be a Law.

[3] Every Order, Resolution, or Vote, to Which the Concurrence of the Senate and House of Representatives may be necessary (except on a question of Adjournment) shall be presented to the President of the United States; and before the Same shall take Effect, shall be approved by him, or being disapproved by him, shall be repassed by two thirds of the Senate and House of Representatives, according to the Rules and Limitations prescribed in the Case of a Bill.

Section 8. [1] The Congress shall have Power To lay and collect Taxes, Duties, Imposts and Excises, to pay the Debts and provide for the common Defence and general Welfare of the United States; but all Duties, Imposts and Excises shall be uniform throughout the United States;

[2] To borrow money on the credit of the United States;

[3] To regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes;

[4] To establish an uniform Rule of Naturalization, and uniform Laws on the subject of Bankruptcies throughout the United States;

[5] To coin Money, regulate the Value thereof, and of foreign Coin, and fix the Standard of Weights and Measures;

[6] To provide for the Punishment of counterfeiting the Securities and current Coin of the United States;

[7] To Establish Post Offices and Post Roads;

[8] To promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries;

[9] To constitute Tribunals inferior to the supreme Court;

[10] To define and punish Piracies and Felonies committed on the high Seas, and Offenses against the Law of Nations;

[11] To declare War, grant Letters of Marque and Reprisal, and make Rules concerning Captures on Land and Water;

[12] To raise and support Armies, but no Appropriation of Money to that Use shall be for a longer Term than two Years;

[13] To provide and maintain a Navy;

[14] To make Rules for the Government and Regulation of the land and naval Forces;

[15] To provide for calling forth the Militia to execute the Laws of the Union, suppress Insurrections and repel Invasions;

[16] To provide for organizing, arming, and disciplining, the Militia, and for governing such Part of them as may be employed in the Service of the United States, reserving to the States respectively, the Appointment of the Officers, and the Authority of training the Militia according to the discipline prescribed by Congress;

[17] To exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings;—And

# EXHIBIT C

STATE OF CALIFORNIA                                                     ARNOLD SCHWARZENEGGER, *Governor*

**CALIFORNIA STATE LANDS COMMISSION**
100 Howe Avenue, Suite 100-South
Sacramento, CA 95825-8202



**PAUL D. THAYER,** *Executive Officer*
(916) 574-1800   FAX (916) 574-1810
*California Relay Service From TDD Phone* **1-800-735-2922**
*from Voice Phone* **1-800-735-2929**

Contact Phone: **(916) 574-1829**
Contact FAX: **(916) 574-1855**

March 16, 2004

File Ref: YC - 2004

Mr. Earnee Windell Smith
ID 17083-112  Unit D
United States Penitentiary
3901 Klein Blvd.
Lompoc, CA 93436

    Re: Federal Jurisdiction at 16055 Foothill Blvd., Fontana and 151 West Baseline
       Rd., Rialto, CA

Dear Mr. Smith:

    This letter is in response to yours of March 2, 2004 requesting information on the jurisdictional status of the above named parcels of land. The Commission's files show that the Commission has never ceded jurisdiction pursuant to Government Code Section 126 to the United States over 16055 Foothill Blvd.

    We were unable to locate the address 151 West Baseline. The County Assessor records do not show that address. We found parcel addresses of 145 and 157 W. Baseline. There is no record of any cession of jurisdiction over these parcels.

    Thank you for your inquiry.

                                    Sincerely,

                                    JAMES R. FREY
                                    Senior Staff Counsel