UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EARNEE WINDELL SMITH,

    Plaintiff,

       v.

ENVIRONMENT AND NATURAL
RESOURCES DIVISION,

    Defendant.

Civil Action No. 07-0015 (JDB)

**MEMORANDUM OPINION**

This matter is before the Court on defendant's motion for summary judgment. For the reasons stated below, the motion will be granted.

I.  BACKGROUND

In May 2005, plaintiff submitted a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to the Environment and Natural Resources Division ("ENRD") of the United States Department of Justice ("Justice Department"). Complaint ("Compl.") at 2. He sought information to answer the following question:

> WHETHER THE FEDERAL GOVERNMENT HAS BEEN CEDED CRIMINAL JURSIDICTION [sic] PURSUANT TO THE CONSTITUTION ARTICLE 1, SEC. 8, cl. 17, OVER SAID PARCELS OF LAND ADDRESS [sic]  AS FOLLOWS: 16055 FOOTHILL BLVD, FONTANA, CA. AND 151 WSET [sic] BASLINE, RIALTO, CA. IN COMPLIANCE WITH TITLE 40 USC Section 255 et seq.

Memorandum of Points and Authorities in Support of Defendant's Motion for Summary Judgment, Declaration of Georgina Anton ("Anton Decl."), Ex. A (May 24, 2005 FOIA Request)

at 2 (capitalization in original).[1]  ENRD notified plaintiff that its search yielded no records responsive to his request.  Anton Decl. ¶ 8 & Ex. C (July 15, 2005 letter from P.H. Milius, Chief, ENRD, regarding FOIA No. FOIA-2005-00089).  The Justice Department's Office of Information and Privacy ("OIP") upheld this decision on administrative appeal.  *Id.* ¶¶ 10-13 & Ex. G (June 27, 2006 letter from D.J. Metcalfe, Director, OIP).  In this action, plaintiff demands release in full of the requested records.  *See* Compl. at 3.

## II.  DISCUSSION

### A.  Summary Judgment in a FOIA Case

The Court grants summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the burden of demonstrating the absence of any genuine issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Factual assertions in the moving party's affidavits may be accepted as true, unless the opposing party submits his own affidavits or documentary evidence that contradict the movant's assertions.  *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992) (citing *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

To obtain summary judgment in a FOIA action, an agency must show, viewing the facts in the light most favorable to the requester, that there is no genuine issue of material fact as to the agency's compliance with the FOIA.  *Steinberg v. United States Dep't of Justice*, 23 F.3d

---

[1]  Plaintiff submitted a copy of his FOIA request to the Justice Department's central mailing address, and the Justice Management Division forwarded this duplicate request to the ENRD.  Anton Decl. ¶ 4.  ENRD staff assigned it a separate request number and sent plaintiff a separate notification of its search results.  *Id.*, Ex. B (August 11, 2005 letter from P.H. Milius, Chief, ENRD, regarding FOIA No.: 2005-00101).

548, 551 (D.C. Cir. 1994) (citing *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (1984)).  The Court may award summary judgment based solely upon the information provided in affidavits or declarations when those affidavits or declarations describe "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exception, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."[2]  *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).  Such affidavits or declarations "are accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'"  *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. Central Intelligence Agency*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

### B.  Adequacy of Search

"An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'"  *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)); *see Campbell v. United States Dep't of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998).  The agency bears the burden of showing that its search was calculated to uncover all relevant documents.  *Steinberg*, 23 F.3d at 551.  To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail the scope and method of its search.  *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982).  In the

---

[2]   In support of its motion, ENRD submits the declaration of Georgina Anton, the senior FOIA Paralegal Specialist with the ENRD's Law and Policy Section.  Anton Decl. ¶ 1.  She personally conducted one of the two searches for records responsive to plaintiff's FOIA request.  *Id.* ¶ 13.

absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate the agency's compliance with the FOIA. *Id.* at 127. But, if the record "leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." *Truitt*, 897 F.2d at 542.

The Law and Policy Section of the ENRD maintains the division's only documents pertaining to "legislative jurisdiction determinations (these determinations involve the ceding of land between states and the federal government)" in three drawers of a file cabinet at the main Justice Department building in Washington, D.C. Anton Decl. ¶ 6. There is no electronic database of these files; they are arranged in the file drawers alphabetically by state. *Id.* Approximately six inches of files pertain to California. *Id.* ¶ 7.

ENRD staff conducted two manual searches of the California files, the first upon receipt of plaintiff's 2005 FOIA request and the second after the filing of the instant civil action. Anton Decl. ¶¶ 7-9, 13. The searches yielded "no documents concerning land in or surrounding the neighboring towns of Fontana and Rialto, California." *Id.* ¶ 7.

Plaintiff's response fails to address the adequacy of ENRD's search. *See generally* Nunc Pro Tunc Motion for Summary Judgment F.R.CV.P. [sic] 56(a) Affidavit and Memorandum of Law ("Pl.'s Mot.") at 2 ¶2.b. (page numbers designated by the Court; paragraph numbers designated by plaintiff); Affidavit of Undisputed Facts and Judicial Notice F.R. Evidence Rule 201(b) ("Pl.'s Aff.") ¶ 11.[3] Rather, his arguments pertain to the federal government's alleged failure to maintain documents proving its acquisition of "criminal and civil legislative

---

[3] Because plaintiff's Nunc Pro Tunc Motion for Summary Judgment does not comply with Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rules 7 and 56.1, the motion will be denied. The Court will construe this submission instead as plaintiff's opposition to ENRD's motion for summary judgment.

jurisdiction over the parcels in Fontana and Rialto[,] California." Pl.'s Mot. at 4 ¶ 3.  In his view, without such documentation, the federal government lacks jurisdiction over that property. *See* Pl.'s Mot. at 6; Pl.'s Aff. ¶ 15.

Whether the federal government rightfully exercises control over the two California parcels is irrelevant to this action.  The sole issue here is whether ENRD has fulfilled its obligations under FOIA.  The ENRD's supporting declaration "enjoy[s] a presumption of good faith that withstand[s] purely speculative claims about the existence and discoverability of other documents." *Chamberlain v. United States Dep't of Justice*, 957 F. Supp. 292, 294 (D.D.C.) (citation omitted), *aff'd per curiam*, 124 F.3d 1309 (D.C. Cir. 1997).  To the extent that plaintiff challenges the adequacy of the ENRD's search, he fails to meet his evidentiary burden.  He must present evidence rebutting the agency's initial showing of a good faith search, and he has utterly failed to do so here.  *See Maynard v. Central Intelligence Agency*, 986 F.2d 547, 560 (1st Cir. 1993); *Weisberg v. United States Dep't of Justice*, 705 F.2d 1344, 1351-52 (D.C. Cir. 1983).

### III.  CONCLUSION

The Court concludes that the ENRD has conducted an adequate and reasonable search for records responsive to plaintiff's FOIA request and thus has demonstrated its compliance with FOIA.  Accordingly, its motion for summary judgment will be granted.  An Order consistent with this Memorandum Opinion will be issued separately on this date.



/s/
JOHN D. BATES
United States District Judge

Date:  November 21, 2007